

David E. Mills     VIA CM/ECF
T: +1 202 776 2865
dmills@cooley.com


January 10, 2024

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:    Response to FCC's Rule 28(j) Letter, *Gray Television, Inc. v. Federal Communications Commission*, No. 22-14274**

Dear Clerk Smith:

Petitioner Gray Television, Inc. responds to the FCC's January 3, 2024, letter ("Letter"), pursuant to Federal Rule of Appellate Procedure 28(j).[1]  The Letter concerns the FCC's December 26, 2023, report and order ("2023 Order").  2018 Quad. Reg. Rev., FCC 23-117, *available at* https://docs.fcc.gov/public/attachments/FCC-23-117A1.doc.  Dkt. No. 46.  The 2023 Order supports Gray's arguments on appeal—not the FCC's—for at least two reasons.

*First*, the 2023 Order supports Gray's argument that, in the Forfeiture Order, the FCC found a Note 11 violation only by inserting a new requirement in the ranking methodology under 47 C.F.R. § 73.3555(b)(1)(ii) to require that audience share data be "available" when the Anchorage Transaction agreement was executed.  (O.B. at 37, 40–41; Reply Brief ("R.B.") at 15–17.)  The 2023 Order now revises the ranking methodology to add consideration of "*available* data over a 12-month period immediately preceding the date of application" to determine a station's in-market ranking.  2023 Order, at 53 ¶ 93 (emphasis added); *see also id.* Appendix A (revised rule).  This inclusion of an "available" requirement in the 2023 Order—years after the Anchorage Transaction—underscores its prior absence, and it highlights the FCC's failure to provide Gray with fair notice of such a requirement which the FCC invented to justify penalizing Gray.  (O.B. at 40–41; R.B. at 20–21.)

*Second*, the 2023 Order, which adopted changes to the local television ownership rule, 2023 Order at 40-60, ¶¶ 71–116, cannot overcome the agency's failure to show that applying Note 11 to the Anchorage Transaction furthered an interest in competition, as the First Amendment requires.  (O.B. at 31–32; R.B. at 14.)  Thus, nothing the FCC said in the 2023 Order cures the fatal defect in the Forfeiture Order.

---

[1] Gray incorporates by reference all defined terms from its briefing.

# Cooley

David J. Smith
January 10, 2024
Page Two

                                        Respectfully submitted,

                                        <u>/s/ *David E. Mills*</u>

                                        David E. Mills
                                        Cooley LLP
                                        1299 Pennsylvania Avenue, NW, Suite 700
                                        Washington, DC 20004-2400
                                        dmills@cooley.com

                                        *Counsel for Petitioner Gray Television, Inc.*

cc:      **<u>VIA CM/ECF</u>**
           William J. Scher
           Robert M. McDowell
           Robby L.R. Saldaña