# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| GRAY TELEVISION, INC., <br><br> Petitioner, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br> Respondents. | Case No. 22-14274 |

**PETITIONER'S REPLY BRIEF
IN SUPPORT OF MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEFING**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| GRAY TELEVISION, INC., <br><br> Petitioner, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br> Respondents. | Case No. 22-14274 |

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 through 26.1-3, Petitioner Gray Television, Inc. ("Petitioner" or "Gray") submits the following Certificate of Interested Persons and Corporate Disclosure Statement.

To the best of Petitioner's knowledge, the following is a list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Atlanta Assembly, LLC, *Subsidiary of Gray Local Media, Inc.*

2. Citrin, Sarah E., *Counsel for Respondent Federal Communications Commission*

3. Cooley LLP, *Counsel for Petitioner*

4. Dynamic Captioning, LLC, *Subsidiary of Gray Local Media, Inc.*

5. Federal Communications Commission, *Respondent*

6. Feore, John R., Cooley LLP (Retired), *Counsel for Gray Television, Inc. (Forfeiture Proceeding)*

7. Folliard III, Robert J., *Gray Television, Inc., Senior Vice President of Government Relations & Distribution*

8. Gray Local Media, Inc., *Subsidiary of Petitioner*

9. Gray Television, Inc. (GTN), *Petitioner*

10. Gray Television Licensee, LLC, *Subsidiary of Gray Local Media, Inc.*

11. Joslin, William P., *Gray Local Media, Inc., Assistant General Counsel and Assistant Secretary*

12. Kreisman, Barbara A., *Federal Communications Commission, Chief – Video Division, Media Bureau*

13. Latek, Kevin P., *Gray Television, Inc., Executive Vice President and Chief Legal and Development Officer*

14. McDowell, Robert M., *Cooley LLP, Counsel for Petitioner*

15. Miller, Keith S., *Gray Television, Inc., Vice President, Assistant*

*General Counsel*

16. Mills, David E., *Cooley LLP, Counsel for Petitioner*

17. Nicholson, Robert B., *Counsel for Respondent United States of America*

18. PowerNation Studios, LLC, *Subsidiary of Gray Local Media, Inc.*

19. Rademacher, Jason E., *Counsel for Gray Television, Inc. (Forfeiture Proceeding)*

20. Raycom Sports Network, LLC, *Subsidiary of Gray Local Media, Inc.*

21. Saldaña, Robby L.R., *Cooley LLP, Counsel for Petitioner*

22. Scher, William J., *Counsel for Respondent Federal Communications Commission*

23. Stewart, Joan, *Wiley Rein LLP, Counsel for Gray Television, Inc.*

24. Tupelo Media Group, LLC, *Subsidiary of Gray Local Media, Inc.*

25. United States of America, *Respondent*

26. Wendel, Henry H., *Cooley LLP, Counsel for Gray Television Licensee, LLC*

To the best of Petitioner's current knowledge, no other persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

Dated: September 3, 2024          Respectfully submitted,

<u>*/s/ David E. Mills*</u>
David E. Mills
Robert M. McDowell
Robby L.R. Saldaña
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
dmills@cooley.com
rmcdowell@cooley.com
rsaldana@cooley.com

*Counsel for Petitioner Gray Television, Inc.*

\

## INTRODUCTION

Petitioner Gray Television, Inc. ("Gray") has moved for leave to file supplemental briefing regarding the intervening Supreme Court decision in *Securities & Exchange Commission v. Jarkesy*, 144 S. Ct. 2117 (2024). Dkt. No. 61 ("Motion" or "Mot.").

In its Motion, Gray explained why *Jarkesy* is highly relevant to this appeal. Specifically, in *Jarkesy*, the Supreme Court instructed that "[i]f a suit is in the nature of an action at common law, then … adjudication by an Article III court is **mandatory**." 144 S. Ct. at 2132 (emphasis added). There, the civil penalties Congress had authorized the SEC to administratively adjudicate were "dispositive" of whether the penalties were traditional legal claims subject to the Seventh Amendment. *Id.* at 2129. Because the claims in *Jarkesy* were akin to common law claims, the Court held that Congress had **no** authority to withdraw them from an Article III court. *Id.* at 2139. Under the reasoning of *Jarkesy*, if the FCC's action against Gray is akin to a common law claim, then the Seventh Amendment prohibited Congress from assigning adjudication of the claim to the FCC and the Forfeiture Order cannot stand.

In light of *Jarkesy*'s highly consequential reasoning and analysis, Gray has requested supplemental briefing. In opposing Gray's Motion, the FCC does not suggest that its statutory forfeiture authority or the Forfeiture Order can be squared

1

with *Jarkesy*. Dkt. No. 64 ("Opp."). Instead, the FCC objects that—although the Supreme Court decided *Jarkesy* **after** oral argument in this appeal—Gray should have raised *Jarkesy* in its opening brief and in the forfeiture proceeding. Opp. 1. The FCC is incorrect and it offers no valid argument to deny supplemental briefing.

*First*, Gray's Motion satisfies the standard in *United States v. Durham*, 795 F.3d 1329 (11th Cir. 2015) (en banc), regarding when to allow supplemental briefing. *Jarkesy* is an intervening Supreme Court decision whose reasoning has provided Gray with a new theory to challenge the Forfeiture Order. The FCC's focus on the Fifth Circuit proceedings in *Jarkesy*—rather than the Supreme Court's decision—is incompatible with *Durham*. Contrary to the FCC's assertion that the Motion is untimely, Gray filed the Motion in light of the briefing schedule that the Court set for *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). The FCC faces no prejudice from briefing *Jarkesy* because it must **already** address the case in another appeal where the petitioner—unlike Gray—had the opportunity to raise *Jarkesy* in its opening brief. To the extent the FCC objects to an "accelerated" briefing schedule, the solution is to extend the schedule, not to deny briefing. The FCC's remaining argument that Gray purportedly waived or forfeited *Jarkesy* arguments is a procedural attack on the merits, not a basis to deny briefing altogether.

*Second*, 47 U.S.C. § 405(a) does not bar granting Gray's Motion because that provision does not govern the Court's authority to permit supplemental briefing.

Nor can § 405(a) foreclose review because it was futile for Gray to raise arguments to the FCC for which the FCC could not grant Gray any relief. Moreover, the FCC has no expertise in deciding structural constitutional objections.

Accordingly, Gray respectfully requests that the Court grant its Motion.

## ARGUMENT

**I. GRAY'S MOTION PROPERLY SEEKS SUPPLEMENTAL BRIEFING ON THE INTERVENING SUPREME COURT DECISION IN *JARKESY*.**

The FCC's Opposition largely rests on the mistaken assertion that Gray's Motion does not meet the standard for supplemental briefing based on an intervening Supreme Court decision. Opp. 5–9. The FCC, however, fails to properly apply that standard, relies on cases that do not concern that standard, and raises inapposite procedural arguments. None of this should foreclose supplemental briefing.

Gray's Motion meets the standard for permitting supplemental briefing based on an intervening Supreme Court decision. As this Court has explained:

> where there is an ***intervening decision of the Supreme Court*** on an issue that overrules either a decision of that Court or a published decision of this Court that was on the books when the appellant's opening brief was filed, and that provides the appellant with a ***new claim or theory***, the appellant will be ***allowed to raise*** that new claim or theory in a supplemental or substitute brief provided that he files a motion to do so in a timely fashion after (or, as in this case, before) the new decision is issued.

*Durham*, 795 F.3d at 1331 (en banc) (emphasis added).[1] Consistent with *Durham*,

---

[1] The FCC relies heavily on *United States v. Nealy*, 232 F.3d 825 (11th Cir. 2000), a decision which barred parties from raising new issues in a supplemental brief even

3

*Jarkesy* is an intervening Supreme Court decision whose reasoning and holding provided Gray with a new claim or theory.

Prior to *Jarkesy*, the Supreme Court had ruled that Congress could assign civil penalty claims to agency adjudication pursuant to the so-called "public rights exception" to the Seventh Amendment. *See Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 460 (1977). But, in *Jarkesy*, the Supreme Court substantially cabined *Atlas Roofing* in a way that has provided Gray with a new theory to challenge the Forfeiture Order. 144 S. Ct. at 2137–39.

In *Jarkesy*, the Court explained that not only was the remedy sought by the agency "all but dispositive" to show that the civil penalty Congress had statutorily created was akin to a traditional legal claim subject to the Seventh Amendment, *id*. at 2129, but also that Congress could not assign that claim to administrative adjudication, *id.* at 2137-38. As the dissent in *Jarkesy* explained, "[t]oday, for the very first time, this Court holds that Congress violated the Constitution by authorizing a federal agency to adjudicate a statutory right that inheres in the Government in its sovereign capacity, also known as a public right." 144 S. Ct. at 2155 (Sotomayor, J., dissenting). The decision articulates a new standard that fundamentally alters the authority of Congress to permit agencies like the FCC to

---

when based on an intervening Supreme Court decision. Opp. 5–6. But the FCC fails to acknowledge that *Durham* abrogated that decision.

4

administratively impose civil penalties for claims to which the Seventh Amendment applies. This change in law provides Gray with a new theory to challenge the Forfeiture Order. The FCC is wrong to contend otherwise. Indeed, had *Jarkesy* been decided **before** Gray filed its opening brief, Gray would have raised the issue.

Gray's Motion was also timely filed. Gray filed its Motion on the same day that this Court permitted Gray to file its supplemental reply brief on *Loper Bright*. The FCC's suggestion in a footnote that Gray's Motion is untimely is unsupported. Opp. 6 n.2. The FCC fails to identify any case applying *Durham* to bar a motion as untimely. And while the FCC complains that Gray's Motion came six weeks after the *Jarkesy* decision, Opp. 2, the FCC ignores that during those six weeks, this Court *sua sponte* ordered supplemental briefing on the Supreme Court's decision in *Loper Bright*, and set a briefing schedule that required Gray to prepare an opening supplemental brief within 14 days on that issue. Dkt. No. 57. Under these circumstances, there is no basis to treat Gray's Motion as untimely.

Although the foregoing is sufficient to grant Gray's Motion, the FCC nevertheless contends the pendency of the *Jarkesy* appeal in the Fifth Circuit and the Fifth Circuit's *Jarkesy* decision required Gray to raise "the constitutional challenges" in its opening brief. Opp. 7. On this basis, the FCC contends that the Court should not consider *Jarkesy* because it would be, in the FCC's view, a new issue raised for the first time on appeal that was purportedly previously available to

5

Gray. *Id*. 7–8 (citing *Curtis Investment Co. v. Comm'r*, 909 F.3d 1339, 1354 (11th Cir. 2018); *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1495 (11th Cir. 1990 (en banc)).[2] The FCC's assertion is incompatible with *Durham*. Under that case, whether to allow supplemental briefing turns on whether there is an intervening Supreme Court decision—***not*** whether there is a favorable decision by a federal court of appeals in the procedural history leading to the Supreme Court's decision or whether a litigant in a different case happened to raise the objection earlier.

Even if the Court considers the FCC's assertion on this issue further, the FCC ignores that "[a]ppellate courts have discretion to decide whether to consider a legal issue or theory raised for the first time on appeal." *Curtis*, 909 F.3d at 1354; *McGinnis*, 918 F.2d at 1495 (similar). The Court "ha[s] discretion" to do so if "the new issue or theory 'involves a pure question of law,' and if refusal to consider it would result in a miscarriage of justice." *Skinner v. City of Miami*, 62 F.3d 344, 348 (11th Cir. 1995). Gray's Motion is also proper under this standard. Gray's request concerns purely legal issues regarding the impact of *Jarkesy* on the Forfeiture Order, specifically, whether the Constitution fundamentally limits the authority of Congress to allow the FCC to administratively impose civil forfeiture penalties. Mot. 2. It would be unjust to deny supplemental briefing. If the limitations articulated in

---

[2] The FCC's cited cases are inapposite because neither *Curtis,* nor *McGinnis* considered *Durham*.

*Jarkesy* apply here, then the FCC's forfeiture penalty of over half a million dollars must be vacated. Supplemental briefing is the only means for Gray to raise this challenge given the mere happenstance of when the Supreme Court decided *Jarkesy*.

The FCC cannot overcome the prejudice to Gray from denying supplemental briefing by asserting that it is prejudicial to the FCC to require the FCC to defend the constitutionality of its forfeiture penalty authority on an "accelerated schedule." Opp. 7. The FCC must **already** address the constitutionality of this authority in another appeal where the petitioner—unlike Gray—had the opportunity to raise *Jarkesy* in its opening brief. *See AT&T v. FCC*, No. 24-60223, Dkt. No. 30, Appellant's Opening Brief, 28–36 (5th Cir. July 29, 2024). The FCC's answering brief in that case is due on September 27, 2024. *Id.* Dkt. No. 41. The FCC cannot object that briefing the same issues here is prejudicial. Moreover, if the proposed supplemental briefing schedule is too "accelerated," the solution is to extend the schedule, not to deny supplemental briefing altogether.

The FCC's attempt to undermine Gray's request for supplemental briefing on *Jarkesy* by contrasting it with the *Loper Bright* supplemental briefing the Court *sua sponte* ordered is a strawman. The FCC contends that the Court's supplemental briefing "was consistent with *Nealy* and *Durham*." Opp. 6. But the Court's order does not cite either case. Dkt. No. 57. That is unsurprising; neither case limits the Court's authority to request supplemental briefing on any issue. *See* 11th Cir. Rule

7

28 I.O.P. 5 ("The court may … call for supplemental briefs on specific issues.").

The FCC's remaining argument that Gray purportedly waived or forfeited *Jarkesy* arguments has nothing to do with whether Gray's Motion satisfies the standard for supplemental briefing, and should be rejected on that basis alone. Opp. 8–9. Even if the Court considers the argument further, it is unavailing.

The FCC contends that constitutional rights "may be forfeited . . . by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Bennett v. Jefferson Cnty., Ala.*, 899 F.3d 1240, 1251 (11th Cir. 2018). But the FCC is an independent agency, not a tribunal. The FCC cannot plausibly suggest that Gray waived previously unannounced structural constitutional constraints by purportedly consenting to FCC adjudication. Opp. 8 (citing *PB Legacy, Inc. v. Am. Mariculture, Inc.*, 104 F.4th 1258, 1267 (11th Cir. 2024) (Jordan, J., concurrence); *Wellness Int'l Network, Ltd. v. Sharif*, 617 F. App'x 589, 590 (7th Cir. 2015)). Gray had no say in whether the FCC could administratively adjudicate the forfeiture penalty; that assignment was made by Congress. As the Supreme Court explained in *Jarkesy*, Congress has no authority to assign civil penalties in the nature of a common law claim to agency adjudication because "adjudication by an Article III court is mandatory." *Jarkesy*, 144 S. Ct. at 2132. Thus, if the forfeiture penalty is a common law claim, Congress could not assign its adjudication to the FCC and the FCC had no authority to initiate the forfeiture proceeding at all.

## II. SECTION 405(A) DOES NOT BAR THIS COURT FROM PERMITTING SUPPLEMENTAL BRIEFING ON *JARKESY*.

The FCC's alternative argument that 47 U.S.C. § 405(a) purportedly "independently bars" the Court from considering *Jarkesy* is mistaken. Opp. 9–10.

First, § 405(a) is inapplicable here. That provision does not govern whether this Court may permit supplemental briefing on *Jarkesy*, which is the only question presented. The FCC's § 405(a) argument is simply a thinly veiled and inadequately briefed attack on the merits of a *Jarkesy*-based challenge to the Forfeiture Order.

Second, even considering the argument further, § 405(a)'s exhaustion requirement does not bar this Court from considering the impact of *Jarkesy* on this appeal. As Gray has explained, "petitioners are not required to raise 'futile' arguments before the agency." *Verizon & AT&T, Inc. v. FCC*, 770 F.3d 961, 967 n.6 (D.C. Cir. 2014) (rejecting FCC's § 405(a) argument); *M2Z Networks, Inc. v. FCC*, 558 F.3d 554, 558 (D.C. Cir. 2009) ("[S]ection 405 'contains the traditionally recognized exceptions to the exhaustion doctrine,' like futility").

It would have been futile for Gray to raise *Jarkesy*-based arguments to the FCC because the FCC has no power to grant relief to Gray on the basis of *Jarkesy*. *See Carr v. Saul*, 593 U.S. 83, 93 (2021) ("It makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested. Such a vain exercise will rarely 'protect administrative agency authority' or 'promote judicial efficiency.'" (internal bracket removed)). Indeed, the FCC has no

authority to deem unconstitutional the statute that purports to allow administrative imposition of civil forfeiture penalties.

Third, it would be improper to require Gray to exhaust a *Jarkesy*-based structural constitution challenge because the FCC has no expertise in resolving structural constitution objections. As the Supreme Court has explained, "agency adjudications are generally ill suited to address structural constitutional challenges." *Axon Enter., Inc. v. Fed. Trade Comm'n,* 598 U.S. 175, 195 (2023) (quoting *Carr*, 593 U.S. at 92). This is precisely because agencies know "nothing special about the separation of powers" or constitutional claims "detached from considerations of agency policy." *Id.* at 194 (citations omitted). The challenge that Gray seeks to raise in the proposed supplemental briefing is unlike the one in *Viasat, Inc. v. FCC*, 47 F.4th 769 (D.C. Cir. 2022), which concerned a party's failure to raise before the FCC certain challenges regarding an agency regulation. Unlike that case, Gray seeks supplemental briefing on a structural constitutional challenge to Congress's authority to assign certain claims to adjudication by the FCC. Thus, the Court should reject the FCC's attempt to foreclose supplemental briefing on the basis of § 405(a).

## CONCLUSION

For the foregoing reasons, Gray respectfully requests that the Court permit supplemental briefing regarding *Jarkesy*.

Dated: September 3, 2024

Respectfully submitted,

*/s/ David E. Mills*
David E. Mills
Robert M. McDowell
Robby L.R. Saldaña
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
dmills@cooley.com
rmcdowell@cooley.com
rsaldana@cooley.com

*Counsel for Petitioner Gray Television, Inc.*

# CERTIFICATION OF COMPLIANCE WITH FRAP 32(g)(1)

Pursuant to Rule 32(g)(1), undersigned counsel certifies that this reply brief complies with the applicable type volume limitations in Rule 32(a)(7).

This brief complies with the typeface requirements of Rule 32(a)(5) and type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using font size 14 Times New Roman.

Pursuant to the limitations of Rule 27(d)(2)(C), this reply brief is 2,505 words, and therefore does not exceed 2,600 words. Pursuant to the limitations of Rule 27(d)(2)(D), the reply brief does not exceed 10 pages.

Dated: September 3, 2024          */s/ David E. Mills*

David E. Mills
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
dmills@cooley.com

*Counsel for Petitioner*
*Gray Television, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I filed the foregoing document with the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will serve all parties registered.

*/s/ David E. Mills*
David E. Mills
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
dmills@cooley.com

*Counsel for Petitioner Gray Television, Inc.*